IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W6 RESTAURANT GROUP, LTD, et al., | ) | CASE NO. 1:23-CV-01735 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| THE SMALL BUSINESS | ) | **PLAINTIFFS' MOTION FOR** |
| ADMINISTRATION, | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | |

Plaintiffs,[1] through undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure move this Court for summary judgment in their favor and against Defendant The Small Business Administration ("SBA"). As detailed in the Memorandum in Support that accompanies this Motion, neither of the exemptions relied upon by the SBA applies to preclude it from disclosing the information about unapproved applications for funds from the Restaurant Revitalization Fund ("RRF") sought in Request 6. Accordingly, Plaintiffs are entitled to an order directing the SBA to produce that information and their reasonable fees.

---

[1] Plaintiffs include the following entities: (i) 100 E. Central Boulevard, LLC dba Stagger Inn ("Stagger Inn"); (ii) 1909 W25, LLC dba Town Hall Ohio City ("Town Hall"); (iii) 2125 Cafe, LLC dba Green Goat ("Green Goat"); (iv) TH CBUS, LLC dba Town Hall Columbus ("Town Hall Columbus"); (v) Bistecca Corporation dba Parma Hts. Harry Buffalo ("Harry Buffalo"); (vi) HB Church Street, LLC dba Harry Buffalo Orlando ("Harry Buffalo Orlando"); (vii) HHHB, LLC dba Highland Heights Harry Buffalo ("Highland Heights Harry Buffalo"); (viii) JSJ Klub, LLC dba E.4th Harry Buffalo ("E.4th Harry Buffalo"); (ix) MGG Hospitality, LLC dba Rebol Cleveland ("Rebol"); (x) Star Bar & Grill, Inc. dba Harry Buffalo ("Star Grill"); (xi) The Other Bar, LLC ("The Other Bar"); (xii) W6 Restaurant Group, LTD, dba Barley House ("Barley House"); (xiii) Mandrake Columbus, LLC dba Town Hall Rooftop ("Town Hall Rooftop"); (xiv) Westerville Restaurant Group, LLC dba Harry Buffalo ("Westerville Harry Buffalo"); and (xv) Summer House, LLC dba Summer House ("Summer House").

Dated: July 1, 2025                    Respectfully submitted,


                                       /s/ Manju Gupta
                                       Manju Gupta (0076452)
                                       Melissa Z. Kelly (0077441)
                                       TUCKER ELLIS LLP
                                       950 Main Avenue—Suite 1100
                                       Cleveland, OH  44113-7213
                                       Telephone:    216.592.5000
                                       Facsimile:    216.592.5009
                                       Email:        manju.gupta@tuckerellis.com
                                                     melissa.kelly@tuckerellis.com

                                       Kevin M. Spellacy
                                       LAW OFFICE OF KEVIN SPELLACY
                                       323 West Lakeside Avenue, Ste. 200
                                       Cleveland, OH 44113
                                       Telephone:    216-344-9220
                                       Email:        kevin@spellacylaw.com


                                       *Attorneys for Plaintiffs*


ii

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W6 RESTAURANT GROUP, LTD, et al., | ) | CASE NO. 1:23-CV-01735 |
| | ) | |
| Plaintiffs, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| THE SMALL BUSINESS | ) | **MEMORANDUM IN SUPPORT OF** |
| ADMINISTRATION, | ) | **PLAINTIFFS'MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| Defendant. | ) | |

**TABLE OF CONTENTS**

Summary of Issues ............................................................................................................... 1

Summary of the Argument .................................................................................................... 1

I.  Introduction ................................................................................................................ 3

II.  Relevant Background .................................................................................................. 3

A.  In their ongoing efforts to understand how the SBA mishandled the RRF, Plaintiffs seek information about the SBA's review process through FOIA ......................................................... 3

B.  Plaintiffs file an Action under FOIA and the SBA responds with partial productions ........... 5

III.  The SBA needs to justify its non-disclosure ............................................................... 7

IV.  FOIA requires the SBA to release applicant data ....................................................... 9

A.  The SBA is not justified in withholding applicant data under Exemption 4 ........................ 9

1.  Request 6, in part, seeks government-created information that falls outside Exemption 4 ........................................................................................................................ 10

2.  Request 6 does not seek commercial or financial information ...................................... 11

3.  Request 6 does not seek confidential information ......................................................... 14

B.  The SBA is not justified in withholding applicant data under Exemption 6 ....................... 17

C.  The SBA cannot establish that "foreseeable harm" would befall unapproved applicants if it discloses their basic information ............................................................................................... 20

V.  Conclusion ................................................................................................................ 20

ii

# TABLE OF AUTHORITIES

**Cases**

*112 Genesee St., LLC v. United States*,
No. 25-1373 (Fed. Cir. 2025) ......................................................................................... 4

*112 Genesee St., LLC v. United States.*,
172 Fed. Cl. 426 (Fed. Cl. 2024) ................................................................................... 4

*Abraham & Rose, P.L.C. v. United States*,
138 F.3d 1075 (6th Cir. 1998) ....................................................................................... 8

*Am. Immigr. Lawyers Ass'n v. Exec. Office for Immigr. Review*,
830 F.3d 667 (D.C. Cir. 2016) ................................................................................ 18, 19

*Chang v. Dep't of Navy,*
314 F. Supp. 2d 35 (D.D.C. 2004) ............................................................................... 19

*Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.*,
58 F.4th 1255 (D.C. Cir. 2023) .............................................................................. passim

*Ctr. for Investigative Reporting v. United States. Dep't of Lab.*,
424 F. Supp. 3d 771 (N.D. Cal. 2019) ............................................................. 13, 15, 18

*Dep't of Air Force v. Rose,*
425 U.S. 352 (1976) ....................................................................................................... 8

*Dobronski v. FCC,*
17 F.3d 275 (9th Cir. 1994) .......................................................................................... 19

*Env't Prot. Agency v. Mink,*
410 U.S. 73 (1973) ......................................................................................................... 8

*Food Mktg. Inst. v. Argus Leader Media,*
588 U.S. 427 (2019) ............................................................................................... passim

*Jud. Watch, Inc. v. Food & Drug Admin.,*
449 F.3d 141 (D.C. Cir. 2006) ..................................................................................... 10

*Pub. Citizen Health Rsch. Grp. v. Food & Drug Admin.,*
704 F.2d 1280 (D.C. Cir. 1983) ................................................................................... 12

*Rosenberg v. United States Dep't of Def.,*
442 F. Supp. 3d 240 (D.D.C. 2020) ............................................................................. 20

*Rugiero v. United States Dep't of Just.,*
257 F.3d 534 (6th Cir. 2001) ......................................................................................... 7

iii

*S. Env't L. Ctr. v. Tenn. Valley Auth.,*
  659 F. Supp. 3d 902 (E.D. Tenn. Mar. 7, 2023) ................................................................ 10, 11

*Seife v. United States Food and Drug Admin.,*
  43 F.4th 231 (2d Cir. 2022) ....................................................................................................... 8, 10

*United States Dep't of Def. v. Fed. Lab. Rels. Auth.,*
  510 U.S. 487 (1994)........................................................................................................................ 19

*United States Dep't of State v. Washington Post Co.,*
  456 U.S. 595 (1982)........................................................................................................................ 17

*Varnum LLP v. United States.Dep't of Lab.,*
  No. 1:18-CV-1156, 2021 WL 1387773 (W.D. Mich. Mar. 15, 2021).................................... 10

*WP Co. LLC v. United States Small Bus. Admin.,*
  502 F. Supp. 3d 1 (D.D.C. 2020)............................................................................. 16, 17, 18, 19

## Statutes

§ 9009c(c)(3)(A) ...................................................................................................................... 3

15 U.S.C. § 9009c ..................................................................................................................... 3

15 U.S.C. § 9009c(a),(b)(2)(A)................................................................................................ 3

15 U.S.C. § 9009c(c)(1) ............................................................................................................ 3

15 U.S.C. § 9009c(c)(5)(A)-(K) ...................................................................................... 15, 18

5 U.S.C. § 552(a)(3)(A) ............................................................................................................ 8

5 U.S.C. § 552(a)(8)(A)(i)(I)–(II) ..................................................................................... 9, 20

5 U.S.C. § 552(b) ....................................................................................................................... 8

5 U.S.C. § 552(b)(4) ..................................................................................................... 9, 11, 14

5 U.S.C. § 552(b)(6) ................................................................................................................ 17

5 U.S.C. § 552(d) ....................................................................................................................... 8

5 U.S.C.§ 551(2) ...................................................................................................................... 10

ARPA, H.R. 1319,
  117th Cong. (2021) ................................................................................................................. 3

**<u>Rules</u>**

Fed.R.Civ.P. 56(c) ......................................................................................................... 11

## SUMMARY OF ISSUES

Plaintiffs contend that Defendant the Small Business Administration ("SBA") is improperly withholding information responsive to one of Plaintiffs' Freedom of Information Act ("FOIA") requests. Plaintiffs' motion for summary judgment raises the following issues:

1.      Whether the SBA may withhold disclosure under FOIA Exemption 4?

2.      Whether the SBA may withhold disclosure under FOIA Exemption 6?

## SUMMARY OF THE ARGUMENT

Plaintiffs brought this FOIA lawsuit against the SBA after the SBA refused to produce information in response to FOIA requests targeted as acquiring information that would reveal how the SBA administered and distributed funds in the Restaurant Revitalization Fund ("RRF"). Specifically, the SBA has refused to disclose the identities of applicants who did not receive RRF grant funds. Request 6 sought eight categories of information about both approved and unapproved applicants:

> Documents listing all RRF grant applicants, regardless of whether the applicant received or was awarded a grant. The data should include: (i) the name of the applicant; (ii) application date and time; (iii) data as to the queue or order for processing the applications; (iv) data regarding the application being approved, denied, or in process date of grant approval; (v) if approved, award amount; (vi) grant purpose; (vii) whether the grant applicant identified as being women owned, socially/economically disadvantaged, or veteran owned; and (viii) any other information reported to USAspending.gov for federal awards.

The SBA provided this information for approved applicants but not unapproved ones ("Unapproved Grant Applications"). None of the exemptions relied upon by the SBA in declining to provide that information applies to excuse that refusal.

First, the SBA contends that it can withhold information about Unapproved Grant Applications because disclosure would offend the privacy interests of those applicants and that information is shielded from disclosure by FOIA Exemption 4. The identity of the applicant, and date and time of the application, along with the information, however, does not reveal anything even about the applicant's finances. Moreover, the FOIA request did not request the award amount for Unapproved Grant Applications. On top of those problems, at least half of the information does not fall under the Exemption because it is generated internally at the SBA. Moreover, the application expressly notified the applicants that if they applied, their information would be subject to disclosure in response to FOIA requests.

Second, the SBA argues that releasing information would constitute a "clearly unwarranted invasions of personal privacy" within the scope of FOIA Exemption 6. But federal circuit courts have squarely held, in these precise circumstances, that FOIA demands transparency rather than concealment. The privacy interest in the Unapproved Grant Applications is minimal at most, while releasing the Unapproved Grant Applications would advance the public interest in monitoring the extraordinary outlay of federal funds. The Exemption 6 balancing test thus weighs decisively in favor of disclosure.

Third, the SBA cannot carry the increased burden imposed on federal agencies to justify nondisclosure following the FOIA Improvement Act of 2016. The SBA now must do more than argue that releasing the Unapproved Grant Applications could cause harm to the interests protected by Exemptions 4 and 6 – it must demonstrate that such harm is a reasonably foreseeable consequence of disclosure.

That is especially true here, where disclosure serves to monitor the efficiency and integrity of an agency's administration of multi-billion-dollar programs like the RRF. As the SBA can claim

2